UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRUSTEES of the INTERNATIONAL ASSOCIATION
Of SHEET, METAL, AIR, RAIL AND
TRANSPORTATION WORKERS LOCAL
NO. 28 BENEFIT FUNDS and PLANS, individually
named herein as SHEET METAL WORKERS        :   Civil Case No.: 18-CV-5802
LOCAL UNION NO. 28 VACATION FUND, SHEET
METALWORKERS LOCAL UNION NO. 28 WELFARE
FUND, SHEET METAL WORKERS LOCAL UNION
NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND,
SHEET METAL WORKERS LOCAL UNION NO. 28
ANNUITY FUND, SHEET METAL WORKERS
LOCAL UNION NO. 28 PENSION FUND, SHEET     :   **COMPLAINT**
METAL WORKERS LOCAL UNION NO. 28 JOINT
LABOR MANAGEMENT FUND, SHEET METAL
WORKERS LOCAL UNION NO. 28 EDUCATION
FUND, SHEET METAL WORKERS LOCAL UNION
NO. 28 SCHOLARSHIP FUND, SHEET METAL
WORKERS LOCAL NO. 28 ASSESSMENTS FUND,
SHEET METAL WORKERS LOCAL UNION NO. 28
POLITICAL ACTION FUND and SHEET METAL
WORKERS LOCAL UNION NO. 28 BUILDING FUND,
and INTERNATIONAL ASSOCIATION OF SHEET
METAL, AIR, RAIL AND TRANSPORTATION
WORKERS LOCAL UNION NO. 28, AFL-CIO,

                                Plaintiffs,

        -against-

COMPLETE SPIRAL MANUFACTURING INC.

                                Defendant.
----------------------------------------------------------------X

Plaintiffs, by and through their attorneys, COLLERAN, O'HARA & MILLS, L.L.P., as and for their Complaint against defendant, COMPLETE SPIRAL MANUFACTURING, INC. ("Complete Spiral" or "defendant"), allege as follows:

1

## JURISDICTION AND VENUE

1. The Complaint raises claims over which this Court has jurisdiction pursuant to Sections 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185; derivative jurisdiction is contained in 28 U.S.C. §§ 1331 and 1337.

2. Venue lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## THE PARTIES

3. Plaintiffs, SHEET METAL WORKERS LOCAL UNION NO. 28 VACATION FUND, SHEET METALWORKERS LOCAL UNION NO. 28 WELFARE FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 ANNUITY FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 PENSION FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 JOINT LABOR MANAGEMENT FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 EDUCATION FUND and SHEET METAL WORKERS LOCAL UNION NO. 28 SCHOLARSHIP FUND (hereinafter referred to as the "ERISA Funds") were and still are jointly administered, multi-employer Taft-Hartley benefits funds administered by a Board of Trustees comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) and administered pursuant to ERISA, 29 U.S.C. 1001, *et. seq.* The ERISA Funds are administered and maintain offices for the conduct of business at 195 Mineola Boulevard, Mineola, New York 11501.

4. The ERISA Funds are employee benefit plans within the meaning of 29 U.S.C. §1001(3) and are maintained for the purpose of providing health, welfare, retirement and other

benefits to eligible participants and beneficiaries of INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS LOCAL UNION NO. 28, AFL-CIO ("Local 28"). The ERISA Funds were established pursuant to one or more collective bargaining agreements between Local 28 and various employers, which require such employers to contribute to the ERISA Funds. As such, the ERISA Funds are "multiemployer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

5. The ERISA Funds are intended third-party beneficiaries of the collective bargaining agreements.

6. The Trustees of the ERISA Funds are fiduciaries within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§1003(21) and 1132, and bring this action in their fiduciary capacity.

7. Pursuant to the terms of the collective bargaining agreements between Local 28 and various employers, employers are required to contribute to the SHEET METAL WORKERS LOCAL UNION NO. 28 ASSESSMENTS FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 POLITICAL ACTION FUND and SHEET METAL WORKERS LOCAL UNION NO. 28 BUILDING FUND (hereinafter the "Union Funds" and, collectively with the ERISA Funds, referred to herein as the "Funds"). The Union Funds are administered and maintain offices for the conduct of business at 195 Mineola Boulevard, Mineola, New York 11501.

8. Plaintiff Local 28 is a labor organization affecting commerce as defined by Section 152(2) of the LMRA and Section 3(4) of ERISA. Local 28 maintains an office at 500 Greenwich Street, Suite 502, New York, New York, 10013.

9. Upon information and belief, defendant, Complete Spiral, is and was, at all relevant times, a New York corporation registered to do business in New York with its principal place of business located 515 Tiffany Street, Bronx, New York 10474.

10. Upon information and belief, Complete Spiral has been engaged in an industry affecting commerce. As such, defendant is an "employer" within the meaning of Sections 2(2) and 301(a) of the National Labor Relations Act, 29 U.S.C. §§152(a) and 185(a).

11. At all relevant times herein, Complete Spiral was a party to a collective bargaining agreement with Local 28. Pursuant to said collective bargaining agreement, defendant was obligated to make contributions to the Funds on behalf of certain of its employees. As such, defendant is an "employer" within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

## FACTUAL BASIS OF CLAIMS

12. At all relevant times, Complete Spiral has been signatory to and bound by collective bargaining agreements with Local 28.

13. The collective bargaining agreements require Complete Spiral to contribute to the Funds, on behalf of its employees who performed work covered by the CBAs, at specified rates for each hour of covered work, subject to certain limitations and premium payments set forth therein.

14. The collective bargaining agreements further require Complete Spiral to submit to periodic audits of its books and records in order to determine whether Complete Spiral has made the contributions it is obligated to make pursuant to the collective bargaining agreements.

15. Complete Spiral employed individuals covered by the terms of the collective bargaining agreements for the period of January, 2011 through September, 2013 and was

accordingly required to remit fringe benefit contributions to the Funds on behalf of these employees.

16. Pursuant to the terms of the collective bargaining agreements, the Plaintiffs directed the Funds' compliance auditors, Calibre CPA Group PLLC (hereinafter referred to as "Calibre"), to perform an audit of Complete Spiral's books and records for the period of January, 2011 through September, 2013. Complete Spiral agreed to submit to the audit.

17. The audit revealed that Complete Spiral failed to make payment of contributions due to the Funds in the amount of $41,486.87.

18. Due demands for payment of the delinquent contributions were made by the Plaintiffs to defendant on several occasions.

19. To date, Complete Spiral has failed and/or refused to pay the delinquent contributions for the period of January, 2011 through September, 2013. As a result, the contributions remain due and owing and interest continues to accrue on the delinquent contributions until Complete Spiral makes payment of the delinquent contributions to the Funds.

### AS AND FOR A FIRST CLAIM FOR RELIEF
(Delinquent Contributions Under ERISA)

20. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "19" as if fully set forth herein.

21. Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement. . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

22. Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which

violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this title or the terms of the plan."

23. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates that, "[i]n any action bought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

   a. The unpaid contributions in the amount of $41,486.87

   b. Interest on the unpaid contributions

   c. Amount equal to the greater of (i) interest on the unpaid contribution, or (ii) liquidated damages in an amount not in excess of 20 percent of the delinquency,

   d. Reasonable attorney's fees and costs of the action, to be paid by the defendant, and

   e. Such other legal or equitable relief as the court deems appropriate.

24. Complete Spiral, by virtue of its failure to pay the delinquent contributions reported due to the ERISA Funds for the period of January, 2011 through September, 2013, has violated Section 515 of ERISA, 29 U.S.C. §1145, thereby giving rise to an action under Section 502 of ERISA.

25. The ERISA Funds are thus entitled under ERISA to collect the delinquent contributions due them, as well as interest, liquidated damages, audit costs, and attorneys' fees and costs associated with the delinquent contributions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (Breach of Collective Bargaining Agreement)

26. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "25" as if fully set forth herein.

27. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violations of contracts between an employer and a labor organization."

28. Defendant breached the collective bargaining agreements by failing to pay contributions due to the Union Funds.

29. The conduct of defendant as aforesaid constitutes a breach of the collective bargaining agreements.

30. By reason of the foregoing, Plaintiffs are entitled to collect the unpaid contributions due the Union Funds, as well as interest, liquidated damages, and attorneys' fees and costs associated with the unpaid contributions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court enters and Order and Judgment:

(A) Ordering Complete Spiral to pay (1) $41,486.87 in unpaid contributions determined to be due and owing pursuant to an audit of Complete Spiral's books and records for the period of January, 2011 through September, 2013, plus (ii) interest on the unpaid contributions; (iii) liquidated damages in an amount equal to the greater of (a) interest on unpaid contributions or (b) 20 percent of the unpaid contributions; and (iv) the costs of the audit;

(B) Awarding Plaintiffs their reasonable attorneys' fees and cost incurred in collecting the aforementioned amounts; and

(C) Ordering such other legal and equitable relief as the Court deems proper.

Dated: Woodbury, New York
       June 27, 2018

                                    COLLERAN, O'HARA & MILLS L.L.P.
                                    *Attorneys for Plaintiffs*

                          By:   /S/ JOHN S. GROARKE
                                JOHN S. GROARKE (JG-9031)
                                100 Crossways Park Drive West,
                                Suite 200
                                Woodbury, New York 11797
                                ams@cohmlaw.com